Paul Lafranchise, Esq., State Bar No. 122528
KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
P.O. Box 11172
Bakersfield, California 93389-1172
Telephone: (661) 395-1000
Facsimile: (661) 326-0418

*Attorneys for Brian Rice Construction, Inc.*

Randy Rumph, Esq., State bar No. 232235
ATTORNEY AT LAW
1401 19th Street, Suite 117
Bakersfield, California 93301
Telephone: (661) 322-4600
Facsimile: (661) 322-8478

*Attorneys for Valerie Ulrey*




KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

VALERIE ULREY, an individual,

Plaintiff,

v.

BRIAN RICE CONSTRUCTION, INC.,

Defendant.

Case No. CV-F-06-0223-LJO

**STIPULATION TO AMEND ANSWER AND PROPOSED ORDER**

**FRCP 15(a)**

Assigned to Hon. Judge Lawrence J. O'Neill
Fresno, Courtroom 8

Complaint Filed: February 27, 2006

Under FRCP 15(a), defendant BRIAN RICE CONSTRUCTION, INC. (hereinafter "defendant"), by and through its attorneys, Klein, DeNatale, Goldner, Cooper, Rosenlieb and Kimball, and plaintiff VALERIE ULREY (hereinafter "plaintiff"), by and through her attorney, Randy Rumph, Esq., stipulate that defendant may amend its previously filed answer and that this Court may allow defendant to file his first Amended Answer, a copy of which is attached

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 2 of 18

hereto as Exhibit "A." Ongoing investigation has revealed facts which support additional affirmative defenses that defendant intends to raise at trial. For this reason, the proposed amendments are appropriate.

Dated: August 22, 2006

Randy Rumph, Esq.
Attorney at Law

By: /s/ Randy Rumph
(as authorized on August 8 and 22, 2006.)
Randy Rumph
Attorney for Plaintiff

Dated: August 22, 2006

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL

By: /s/ Paul Lafranchise
Paul Lafranchise
Attorneys for Defendant

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

**ORDER**

Based upon the above Stipulation of the parties, defendant may amend its previously filed answer and shall file a first Amended Answer by Sept 1, 2006. This court's Scheduling Conference Order of June 5, 2006 and all subsequent modifications thereto are hereby amended to incorporate defendant's Amended Answer.

**IT IS SO ORDERED.**

Dated: August 28 2006

By: [signature]
Magistrate JUDGE OF THE UNITED STATES DISTRICT COURT




Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 3 of 18

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

**Exhibit "A"**

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 4 of 18

Paul Lafranchise, Esq., State Bar No. 122528
KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
P.O. Box 11172
Bakersfield, California 93389-1172
Telephone: (661) 395-1000
Facsimile: (661) 326-0418

*Attorneys for Brian Rice Construction, Inc.*

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| VALERIE ULREY, an individual,<br>Plaintiff,<br>v.<br>BRIAN RICE CONSTRUCTION, INC.,<br>Defendant. | Case No. 1:06-CV-00223-AWI LJO<br>**AMENDED ANSWER TO COMPLAINT; JURY DEMAND**<br>Assigned to Hon. Judge Lawrence J. O'Neill<br>Fresno, Courtroom 8<br>Complaint Filed: February 27, 2006 |

Defendant BRIAN RICE CONSTRUCTION, INC., doing business as BR CONSTRUCTION ("BR CONSTRUCTION" or "defendant"), in answer to the Complaint for Damages of plaintiff VALERIE ULREY ("plaintiff"), demands a jury trial in the instant action, and admits, denies and alleges as set forth below.

1. As to Paragraph 1 of the Complaint, BR CONSTRUCTION lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis, denies, generally and specifically, each of the allegations contained in said paragraph.

2. As to Paragraph 2 of the Complaint, BR CONSTRUCTION lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis, denies, generally and specifically, each of the allegations contained in said paragraph.

3. As to Paragraph 3 of the Complaint, BR CONSTRUCTION admits that plaintiff

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 5 of 18

began her employment with BR CONSTRUCTION in March 2003. As to the remaining allegations of Paragraph 3, BR CONSTRUCTION lacks sufficient information and belief to admit or deny the allegations and on that basis, denies, generally and specifically, each of the remaining allegations contained in said paragraph.

4. As to Paragraph 4 of the Complaint, BR CONSTRUCTION admits that plaintiff began her employment with BR CONSTRUCTION in March 2003. As to the remaining allegations of Paragraph 4, BR CONSTRUCTION lacks sufficient information and belief to admit or deny the allegations and on that basis, denies, generally and specifically, each of the remaining allegations contained in said paragraph.

5. As to Paragraph 5 of the Complaint, BR CONSTRUCTION denies, generally and specifically, each and every allegation contained in said paragraph.

6. As to Paragraph 6 of the Complaint, BR CONSTRUCTION denies, generally and specifically, each and every allegation contained in said paragraph.

7. As to Paragraph 7 of the Complaint, BR CONSTRUCTION denies, generally and specifically, each and every allegation contained in said paragraph.

8. As to Paragraph 8 of the Complaint, BR CONSTRUCTION denies, generally and specifically, each and every allegation contained in said paragraph.

9. As to Paragraph 9 of the Complaint, BR CONSTRUCTION lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis, denies, generally and specifically, each of the allegations contained in said paragraph.

10. As to Paragraph 10 of the Complaint, BR CONSTRUCTION lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis, denies, generally and specifically, each of the allegations contained in said paragraph.

11. BR CONSTRUCTION incorporates its responses to paragraph 1-10 of the Complaint as if fully set forth herein.

12. As to Paragraph 12 of the Complaint, BR CONSTRUCTION denies, generally and specifically, each and every allegation contained in said paragraph.

13. As to Paragraph 13 of the Complaint, BR CONSTRUCTION denies, generally

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 6 of 18

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

and specifically, each and every allegation contained in said paragraph.

14. As to Paragraph 14 of the Complaint, BR CONSTRUCTION denies, generally and specifically, each and every allegation contained in said paragraph.

15. As to Paragraph 15 of the Complaint, BR CONSTRUCTION lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis, denies, generally and specifically, each of the allegations contained in said paragraph.

16. As to Paragraph 16 of the Complaint, BR CONSTRUCTION lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis, denies, generally and specifically, each of the allegations contained in said paragraph.

17. As to Paragraph 17 of the Complaint, BR CONSTRUCTION lacks sufficient information and belief to admit or deny the allegations contained therein and on that basis, denies, generally and specifically, each of the allegations contained in said paragraph.

18. BR CONSTRUCTION incorporates its responses to paragraph 1-17 of the Complaint as if fully set forth herein.

19. As to Paragraph 19 of the Complaint, BR CONSTRUCTION denies, generally and specifically, each and every allegation contained in said paragraph.

20. As to Paragraph 20 of the Complaint, BR CONSTRUCTION denies, generally and specifically, each and every allegation contained in said paragraph.

21. As to Paragraph 21 of the Complaint, BR CONSTRUCTION denies, generally and specifically, each and every allegation contained in said paragraph.

WHEREFORE, BR CONSTRUCTION denies that plaintiff is entitled to judgment or relief in any amount or manner and respectfully requests that this Court enter judgment in BR CONSTRUCTION'S favor and against plaintiff and enter any such and further relief that this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. FOR A SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 7 of 18

defendant's actions and/or inactions and each cause of action therein, fails to state a claim upon which relief can be granted, and fails to state facts sufficient to constitute a cause of action.

2. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because at the times and places mentioned in plaintiff's complaint, plaintiff was careless, reckless, and negligent in and about the matters and things alleged in plaintiff's complaint, specifically including plaintiff's comparative bad faith, which said carelessness, recklessness and negligence concurred in point of time with the alleged negligence of defendant, if any there may have been, and proximately caused and contributed to whatever injury and/or damage plaintiff may have sustained, if any; therefore, recovery by the plaintiff, if any, should be proportionately reduced according to the percentage of fault of the plaintiff.

3. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's allegations are barred because of plaintiff's consent to defendant's actions and/or inactions by 42 U.S.C. sections 2000e-5(e)(1) and 2000e-5(f)(1), Gov. Code sections 12960 and 12965(b), California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343, California Labor Code sections 1197.5(h) and/or 1102.5, 29 U.S.C. 255(a), and all other applicable state and federal statutes of limitation.

4. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions by the doctrine of unclean hands.

5. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions by the doctrine of waiver.

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 8 of 18

6. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions by the doctrine of laches.

7. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions by the doctrine of estoppel.

8. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions by Labor Code Section 2922 since plaintiff's employment had no specified term, and could be terminated at the will of either party.

9. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because at all times and places mentioned in plaintiff's complaint, plaintiff did commit willful misconduct in and about the matters and things alleged in plaintiff's complaint, which said willful misconduct concurred in point of time with the alleged willful misconduct of the defendant, if any there may have been (which defendant denies), and proximately caused and contributed to whatever injury and/or damage plaintiff may have sustained, if any. The events, injuries, losses and damages complained of in plaintiff's complaint, if any there may have been, were the result of misconduct by plaintiff insofar as this answering defendant is concerned and occurred without any negligence, want of care, default or other breach of duty to plaintiff on the part of defendant.

10. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 9 of 18

the events, injuries, losses and damages complained of in plaintiff's complaint, if any there may have been, were the result of and solely caused by supervening fortuitous events.

11. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because plaintiff failed to mitigate her damages. Plaintiff failed to accept defendant's unconditional offer of reinstatement, which offer was legitimate, reasonable, and capable of being accepted. By the exercise of reasonable effort, moreover, plaintiff could have promptly obtained employment of a substantially similar character in comparison to her employment with the defendant, yet plaintiff failed and refused to exercise such reasonable efforts to obtain such other comparable employment.

12. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because defendant took whatever action underlies plaintiff's complaint with probable cause and with good faith belief that defendant had valid grounds to take whatever actions were taken, if any.

13. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because the sole and exclusive remedy for plaintiff's alleged work-related injuries is the California Workers' Compensation Act, Labor Code sections 3200 et seq.

14. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because of the doctrine of managerial immunity and managerial discretion; all defendant's actions alleged therein enjoyed an absolute and/or a qualified privilege.

15. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 10 of 18

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

barred because of plaintiff's consent to defendant's actions and/or inactions by plaintiff's failure to exhaust her external administrative remedies under state and federal law, including Government Code section 12940, *et seq*., and 42 U.S.C. § 2000e-5(e)(1), et seq.

16. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because Plaintiff ratified whatever actions Plaintiff claims that defendant took or failed to take.

17. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because plaintiff was unwilling and/or unable to perform the duties of the position for which she claims she was hired.

18. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because plaintiff's complaint fails to state facts sufficient to support plaintiff's prayer for an award of attorney's fees.

19. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because plaintiff's action in part if not entirely may be frivolous and brought in bad faith as those terms are defined in Code of Civil Procedure section 128.5, thereby entitling this answering defendant to the recovery of reasonable expenses, including attorney's fees and expert fees.

20. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because "same actor inference" bars plaintiff's complaint.

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 11 of 18

21. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because "after-acquired evidence doctrine" bars plaintiff's complaint, and all of her damages.

22. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because defendant was not malicious, fraudulent, oppressive, or recklessly indifferent under California law, and *Kolstad v. American Dental Ass'n* (1999) 119 S.CT. 2118, making punitive damages unwarranted.

23. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because of plaintiff's consent to defendant's actions and/or inactions because of plaintiff's intentional and/or negligent misrepresentations.

24. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because of the doctrine of mistake.

25. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because the purported public policy on which the wrongful discharge claims are grounded is not supported by either constitutional or statutory provisions, does not inure to the benefit of the public, was not articulated at the time of the alleged discharge or other adverse action, and/or was not substantial or fundamental. *Stevenson v. Superior Court,* (1997) 16 Cal. 4th 880, 889-890. Employment discrimination law is "complex and evolving" according to the 9th Circuit.

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 12 of 18

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

26. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because there is no causal relationship between plaintiff's alleged discharge and the public policy allegedly violated, or plaintiff's pregnancy, child-birth, etc. *Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238, 1258.

27. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because defendant made good faith efforts to comply with applicable law.

28. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because her purported damages may not meet the jurisdictional minimums of this Court.

29. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's punitive damages claims are barred because of plaintiff's consent to defendant's actions and/or inactions because the 14th Amendment's due process clause and the 8th Amendment's excessive fines clause prohibit the imposition of grossly excessive punishment on alleged tortfeasors, in particular an award of punitive damages in a civil case. *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* (2001) 532 U.S. 424, 433-434; *Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.* (1989) 492 U.S. 257, 262-276. Punitive damages are barred as well under the due process clause of the 14th Amendment which imposes a substantive limit on the amount of punitive damage awards. *State Farm v. Campbell* (2003) 123 S.Ct 1513, 1519.

30. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because punitive damages are unconscionable, and volatile of the due process, equal protection and right

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 13 of 18

of privacy provisions of the United States Constitution and the Constitution of the State of California. This Court, therefore, does not have jurisdiction to hear the plaintiff's punitive damage claims.

31. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because plaintiff, with full knowledge of the consequences of her actions with full knowledge of the dangers incident thereto, voluntarily exposed herself to all the matters and things alleged in her complaint and did, thereby, assume the risk generally incident thereto.

32. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all state causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions by Labor Code Section 2924 because if plaintiff's employment was for a specified term, plaintiff could be terminated or demoted by defendant at any time due to plaintiff's willful breach of duty, habitual neglect of duty, and/or continued incapacity to perform.

33. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because if plaintiff was discharged, plaintiff was discharged for good cause. Moreover, there was good cause for defendant's whatever actions or inactions.

34. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's state claims are barred because of plaintiff's consent to defendant's actions and/or inactions because, under Labor Code Sections 2850 through 2866, if plaintiff was employed by defendant, plaintiff could be terminated for failing to perform certain mandatory duties of all employees including an obligation to use ordinary care and diligence in complying with all of the directions of his employer that were lawful and possible to be performed, to comply substantially with the

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 14 of 18

reasonable directions of his employer, and to exercise a reasonable degree of skill in the performance of his job.

35. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to state causes of action, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because plaintiff's state causes of action are pre-empted by federal law.

36. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because defendant took whatever actions may have been taken as alleged in the complaint based on business necessity.

37. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because plaintiff consented to whatever actions, if any, were taken by defendant as alleged in plaintiff's complaint.

38. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint and all alleged causes of action therein are barred because of plaintiff's consent to defendant's actions and/or inactions by the fact that the same alleged decision(s) would have been made with respect to plaintiff, even in the absence of alleged violation(s) of law and/or public policy, assuming there was a violation, which defendant denies.

39. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because of plaintiffs voluntary quit.

40. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 15 of 18

action are barred because of plaintiff's consent to defendant's actions and/or inactions because defendant's conduct was and is justified because it substantially furthered one or more countervailing interests of plaintiff's employer, including but not limited to promoting the efficiency of defendant's operations, and/or protecting the health and safety of management and staff.

41. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all state causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions by *Hunter v. Up-Right, Inc.* (1993) 6 Cal.4th 1174, 1178, 1185-5.

42. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as relevant as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions based of the doctrine of collateral estoppel, preventing re-litigation of issues, claims, and facts decided in previous proceedings.

43. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all relevant causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because of judicial estoppel.

44. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's causes of action are barred because of plaintiff's consent to defendant's actions and/or inactions because plaintiff's consent to defendant's actions and/or inactions because defendant is not a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or proceeding calendar year under 42 U.S.C. section 2000e (b).

45. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all of plaintiff's federal causes of action in plaintiff's complaint,

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 16 of 18

plaintiff's federal claims are capped at fifty thousand dollars ($50,000) for an employer who has more than 14 and fewer than 101 employees.

46. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because defendant had legitimate , nondiscriminatory reasons for its alleged actions.

47. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because of plaintiff's inability or unwillingness to perform the essential job functions.

48. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because plaintiff admits that she was not "disabled" because of pregnancy, child-birth, etc.

49. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions to the extent plaintiff relied on statement outside defendant's policy, made by employees whose statements were not authorized by defendant and thus do not bind defendant.

50. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all equitable causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions because plaintiff has failed to do equity.

51. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint and/or damages are barred because of plaintiff's consent to defendant's actions and/or inactions to the extent that defendant is entitled to an off-set against any damages allegedly owed plaintiff

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 17 of 18

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

for any payments already made to plaintiff including these for which plaintiff was and/or is not entitled.

52. FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering defendant alleges that, as to all causes of action in plaintiff's complaint, plaintiff's complaint is barred because of plaintiff's consent to defendant's actions and/or inactions to the extent of defendant's reliance on EEOC opinion(s).

WHEREFORE, BR CONSTRUCTION prays that Plaintiff take nothing by way of her complaint, that defendant recover its costs of suit, reasonable attorney's fees and expert fees in defense of this action, and that defendant be granted such other and further relief as the court in its discretion deems just and proper.

Date: August 22, 2006

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

/s/ Paul Lafranchise
Paul Lafranchise
Attorneys for Brian Rice Construction, Inc.

Case 1:06-cv-00223-LJO Document 20 Filed 08/22/2006 Page 18 of 18

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93389-1172

PROOF OF ELECTRONIC SERVICE

STATE OF CALIFORNIA, COUNTY OF KERN

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 4550 California Avenue, Bakersfield, California 93309.

On August 22, 2006, I served the foregoing document described as follows: **STIPULATION TO AMEND ANSWER AND PROPOSED ORDER** by submitting an electronic version of the documents(s) listed above via PACER, pursuant to Local Rule 5-135. I certify that said transmission was complete and that all pages contained therein were received as follows:

**Randall Martin Rumph**
Law Office of Randy Rumph
1401 19th Street, Suite 117
Bakersfield, CA 93301
661-322-4600
Fax: 661-322-8470
Email: rmrlaw10@sbcglobal.net

Executed on August 22, 2006, at Bakersfield, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| Erica Alajarin | /s/ Erica Alajarin |
|---|---|
| Type or Print Name | Signature |